ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **WILLIAM PELLOT RODRÍGUEZ**<br>QUERELLANTE(S)<br><br><br>V.<br><br><br>**GUISEPPE PANDOLFI DI RINALDIS**<br>QUERELLADA(S)<br><br><br>**VITIN GAS CP/ VÍCTOR M. GÓMEZ RIVERA**<br>RECURRENTE(S) | **KLRA202400350** | ***Revisión de Decisión Administrativa***<br>procedente del<br>**Negociado de Transporte y Otros Servicios Públicos (NSTP)**<br><br><br>Caso Núm.:<br>**OCD-2024-001**<br><br><br>Sobre:<br>Remedio Administrativo |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 30 de julio de 2024.

Comparece ante nos el señor **VÍCTOR M. GÓMEZ RIVERA** (señor **GÓMEZ RIVERA**) mediante *Moción Asumiendo Representación Legal y Solicitud de Sentencia Sumaria a Tenor con la Regla 36.3 de Procedimiento Civil (Revisión de Decisión Administrativa)* incoada el 3 de julio de 2024. En su recurso, nos solicita que se dicte sentencia sumaria a su favor.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

### - I -

Para finales de 2019, el señor **GUISEPPE PANDOLFI DI RINALDIS** (señor **PANDOLFI DI RINALDIS**) contrató los servicios de **VITIN GAS CP** para la instalación de un cilindro de gas en su residencia sita en el municipio de Guaynabo.

Posteriormente, el señor **WILLIAM PELLOT RODRÍGUEZ** (señor **PELLOT RODRÍGUEZ**) entabló una querella contra el señor **PANDOLFI DI RINALDIS** ante

el **Negociado de Transporte y Otros Servicios Públicos** (**NSTP**). Los señores Nydia L. Solís Corps y Samuel Rodríguez Serrano, inspectora y director de la Región Este del **NSTP**, respectivamente, visitaron la residencia y rindieron un informe determinando que la instalación cumplía con los estándares por lo cual se recomendó el archivo de la querella.

El 18 de enero de 2024, los señores Nydia L. Solís Corps, Luis Carrasquillo Rexach, y Samuel Rodríguez Serrano, inspectores y director de la Región Este del **NSTP,** respectivamente, suscribieron un segundo informe de investigación. Luego, el 30 de enero de 2024, los señores Nydia L. Solís Corps y Samuel Rodríguez Serrano suscribieron un tercer informe en el cual exponen que se habían equivocado en sus escritos anteriores y la instalación efectuada por **VITIN GAS CP** era ilegal. En consecuencia, se ordenó la remoción de la instalación del cilindro de gas a costo de **VITIN GAS CP.**

El pasado 4 de julio, el señor **GÓMEZ RIVERA** compareció ante este Tribunal de Apelaciones mediante *Moción Asumiendo Representación Legal y Solicitud de Sentencia Sumaria a Tenor con la Regla 36.3 de Procedimiento Civil (Revisión de Decisión Administrativa).* Alegó que se ha comunicado con el señor **PANDOLFI DI RINALDIS** para cumplir con su obligación de eliminar la instalación del cilindro de gas. Empero, el señor **PANDOLFI DI RINALDIS** ha expresado que no removerá el cilindro.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de los señores **PELLOT RODRÍGUEZ** y **PANDOLFI DI RINALDIS**. Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

## - II –

### - A - Perfeccionamiento de los Recursos ante el Tribunal de Apelaciones

Nuestro ordenamiento jurídico reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior.[1] No obstante, este derecho está sujeto a las limitaciones legales y reglamentarias pertinentes, entre ellas, su correcto perfeccionamiento. Los requisitos aplicables sobre el perfeccionamiento de un recurso de apelación o discrecionales están contenidos en el Reglamento del Tribunal de Apelaciones de 2004; la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada; y en las Reglas de Procedimiento Civil de 2009, según enmendadas. Nuestro Tribunal Supremo ha establecido que los litigantes y/o representaciones legales deben observar rigurosamente las disposiciones reglamentarias sobre el perfeccionamiento de sus recursos dado a que su cumplimiento no puede quedar a su arbitrio.[2] Ello a los fines de que los tribunales revisores estén en posición de ejercer adecuadamente su función, toda vez que el incumplimiento de dichos mandatos impide tener de un expediente completo y claro para delimitar la controversia ante su consideración.[3]

Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. El incumplimiento con los requerimientos establecidos en el Reglamento de un tribunal apelativo puede servir de fundamento para la desestimación del recurso.[4]

Más aún, el Alto Foro expresó que como regla general se suele desestimar recursos por tener apéndices incompletos cuando esa omisión no permite penetrar en la controversia o constatar la *jurisdicción* del tribunal.[5] Señaló que la política de acceso a la justicia contenida en la Ley de la

---

[1] *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019).
[2] *Isleta v. Inversiones Isleta Marina, supra*, pág. 590; *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).
[3] Id.
[4] *Morán v. Martí,* 165 DPR 356 (2005).
[5] *Vázquez Figueroa v. E.L.A.*, 172 DPR 150 (2007).

Judicatura de 2003, no es sinónimo de anarquía, permitiendo el incumplimiento rutinario con las Reglas de Procedimiento Civil de 2009 y los Reglamentos de los tribunales.[6] Ciertamente, la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos, sin embargo, ello no supuso dar al traste con los **requisitos mínimos exigidos** para atender ordenadamente los recursos que se presentan ni mucho menos pretendió eliminar los términos jurisdiccionales. "Actuar en contravención de ello, es no apurar adecuadamente cual fue el verdadero alcance de la Ley de la Judicatura de 2003."[7] Como vemos, el incumplimiento con las Reglas de los tribunales apelativos puede impedir la revisión judicial.[8]

Además de lo anterior, la Regla 59 de nuestro Reglamento dispone todo lo relacionado al contenido que deberá tener todo recurso de revisión de decisión administrativa. A esos efectos, la citada Regla, en lo pertinente, instituye lo siguiente:

> El escrito de revisión contendrá:
> (A) Cubierta
> [...]
> (1) Epígrafe
> **El epígrafe del escrito de revisión contendrá el nombre de todas las partes en el orden en que aparecían en el trámite administrativo y se les identificará como "parte recurrente" y "parte recurrida".**
> [...]
> (C) Cuerpo
> (1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:
> (a) En la comparecencia, el nombre de los recurrentes.
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
> (c) **Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes.** También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

---

[6] 4 LPRA § 24a. *Morán v. Martí, supra; Gran Vista I. v. Gutiérrez y otros*, 170 DPR 174 (2007).
[7] *Morán v. Martí, supra,* pág. 369.
[8] *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017).

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) **Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida**.

(f) **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables**.

(g) La súplica.

(2) El recurso de revisión será el alegato de la parte recurrente. No se permitirá la presentación de un alegato o memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de los recursos de revisión.

(3) En caso de que en el recurso de revisión se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de ésta, la parte recurrente procederá conforme se dispone en la Regla 76.

[...]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

(c) **La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren**.

(d) **Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión**.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o *motu proprio*, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.

(3) El Apéndice sólo contendrá copias de documentos que formen parte del expediente original ante el foro administrativo. Cuando la parte recurrente plantee como error la exclusión indebida de alguna prueba, incluirá en un Apéndice separado copia de la prueba ofrecida y no admitida.

(4) Todas las páginas del Apéndice se numerarán consecutivamente. Los documentos se organizarán en orden

cronológico. Además, el Apéndice contendrá un índice que indicará la página en que aparece cada documento.

## - B - Jurisdicción

La *jurisdicción* es el poder o autoridad de un tribunal para considerar y decidir casos y controversias.[9] Debido a lo cual, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[10]

Los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. En definitiva, si un tribunal determina que carece de *jurisdicción*, lo único que puede hacer es así declararlo y proceder con la inmediata desestimación del caso.[11]

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* trae consigo las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[12]

A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[13] Una vez un tribunal determina que

---

[9] *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374 (2020); *Beltrán Cintrón, et al. v. ELA, et al.*, 204 DPR 89 (2020).

[10] *Allied Mgmt. Group v. Oriental Bank, supra.*

[11] *JMG Investment v ELA et al.*, 203 DPR 708, 714 (2019); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019).

[12] *Beltrán Cintrón, et al. v. ELA, et al.*, *supra*; *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); y *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

[13] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley*

no tiene *jurisdicción, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos"*.[14] Ello sin entrar en los méritos de la controversia ante sí.

- III –

En este caso, el señor **GÓMEZ RIVERA** instó una *Moción Asumiendo Representación Legal y Solicitud de Sentencia Sumaria a Tenor con la Regla 36.3 de Procedimiento Civil (Revisión de Decisión Administrativa)* que, entre otras cosas, carece de un apéndice completo que incluya o esté acompañado de copia de: (i) la querella, las contestaciones o alegaciones responsivas de las partes ante la agencia; (ii) todo escrito, resolución u orden para acreditar la interrupción y reanudación del término para presentar el recurso de revisión; y (iii) la orden, resolución o providencia administrativa objeto del recurso de revisión. Ello en clara contravención a las disposiciones de la Regla 59 del Reglamento de este Tribunal. El(Los) documento(s) omitido(s), requerido(s) por la Regla antes mencionada, nunca fueron presentados. Ante la ausencia de apéndice completo, no obran en autos copia de todos los documentos esenciales que nos permitan determinar si ostentamos *jurisdicción*.

En virtud de ello, colegimos que el recurso presentado por el señor **GÓMEZ RIVERA** incumple de forma crasa con los requisitos reglamentarios indispensables para que podamos asumir jurisdicción y atender los méritos de la controversia.[15] Además de carecer de una fiel relación de los hechos procesales del caso, no se señalan ni discuten los errores que a su juicio cometió el **NSTP**. Estos incumplimientos nos privan de *jurisdicción* para atender la(s) controversia(s) planteada(s). En consecuencia, procede la ***desestimación*** del recurso sobre revisión de decisión administrativa por falta de *jurisdicción*.

---

*sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

[14] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

[15] Regla 59(C) de nuestro Reglamento, *supra*.

## - IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, ***desestimamos,*** por falta de *jurisdicción,* la *Moción Asumiendo Representación Legal y Solicitud de Sentencia Sumaria a Tenor con la Regla 36.3 de Procedimiento Civil (Revisión de Decisión Administrativa)* interpuesta el 3 de julio de 2024 por el señor VÍCTOR M. GÓMEZ RIVERA; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones